# United States Court of Appeals

## For the First Circuit

No. 03-2123

REYNALDO RODRÍGUEZ-RODRÍGUEZ, ZENAIDA VEGA-SANTIAGO
and their conjugal partnership; RADAMÉS SANTIAGO-LÓPEZ
and ANGEL O. VÉLEZ-PACHECO,

Plaintiffs, Appellees,

v.

MIGUEL G. ORTIZ-VÉLEZ and KATIA MEDINA-PEDRAZA,
in their personal capacities,

Defendants, Appellants.

_____

SABANA GRANDE MUNICIPALITY; LUIS A. BÁEZ,
Sabana Grande Commissioner; OSVALDO OCASIO-RODRÍGUEZ;
PERSONS X, Y, Z; JANET LNU,

Defendants.

APPEAL FROM THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF PUERTO RICO

[Hon. Carmen Consuelo Cerezo, U.S. District Judge]

Before

Boudin, Chief Judge,

Lynch, Circuit Judge,

and Schwarzer,[*] Senior District Judge.

---

[*]Of the Northern District of California, sitting by
designation.

Johanna M. Emmanuelli-Huertas with whom Law Offices of Pedro E. Ortiz-Álvarez, PSC was on brief for appellants.
Francisco R. González with whom F.R. González Law Office was on brief for appellees.

————————————

December 8, 2004

————————————

**BOUDIN**, **Chief Judge**.  This appeal involves a federal civil rights suit brought by Reynaldo Rodríguez-Rodríguez ("Rodríguez") arising out of an election-week fracas that occurred on November 2, 2000, in the municipality of Sabana Grande, Puerto Rico.  The defendants included Miguel Ortiz-Vélez ("Ortiz"), the mayor of Sabana Grande, and municipal police officer Katia Medina-Pedraza ("Medina").  These two defendants now appeal from the district court's denial of their motion for summary judgment which rested in part on their qualified immunity defense.

The underlying facts are far from clear.  About all that the two sides agree upon is that on November 2, 2000, Rodríguez was driving a sound truck for the NPP (one of Puerto Rico's two main political parties) near a local headquarters of the PDP (the other main party); that PDP Mayor Ortiz and multiple persons on the street engaged in a physical confrontation with Rodríguez during which Rodríguez hit Ortiz; and that Officer Medina sought to intervene.

Rodríguez' version of events, drawn from his complaint and two nearly identical sworn statements made by him,[1] are that rocks were thrown at his vehicle; that when he stopped to inspect the damage, Medina arrived in her police car and asked why he had

---

[1]These sworn statements, as well as those of other individuals involved, were attached as exhibits to the parties' summary judgment filings.  Most are sworn witness statements in the related criminal proceedings against Rodríguez; one consists of criminal trial testimony.

stopped; that while he was answering, Ortiz appeared with a mob of supporters, told Medina that he (Ortiz) would handle the matter, and then struck Rodríguez in the face with a blackjack; that Rodríguez managed to hit back at Ortiz, after which Medina struck Rodríguez with her baton; and that Rodríguez was then attacked by the crowd on the street.

The aftermath included criminal proceedings against Rodríguez in state court and fruitless efforts by Rodríguez to have the mayor criminally charged. In the present lawsuit (but not in the complaint), Rodríguez asserted that the mayor, while at one of Rodríguez' criminal trials, was greeted by another official of Ortiz' PDP party who went to the judge's chambers and who then left, signaling to the mayor that he (the other official) had "made the necessary arrangements."

Based on these alleged events, Rodríguez brought the present action under 42 U.S.C. § 1983 (2000) against Ortiz, Medina, the municipality of Sabana Grande, the police commissioner and others. The legal claims asserted in the complaint were various and not well defined. In essence, Rodríguez claimed that Ortiz and Medina had each wrongfully struck him, that Ortiz and Medina had together "initiated, instigated, planned, participated and directed" the "multitudinous assault and battery" and that they had both failed to protect Rodríguez when he was being beaten.

The claim against Medina was framed as one of excessive force by a police officer. Ortiz, according to Rodríguez, was acting under color of state law when he allegedly told Medina to step aside and then struck Rodríguez. Rodríguez also claimed that the defendants wrongfully failed to protect him from the crowd's attacks. He further alleged that they violated his substantive due process rights and his First Amendment rights; the latter claim is premised on Rodríguez' view that "[t]he reason for the assault and mob beating was that [Rodríguez] was . . . exercising his First Amendment [rights] of Political Speech and association."

Rodríguez also alleged that the mayor and the municipal government failed to properly train and supervise the police and others and failed to enforce regulations, thereby endangering individuals' constitutional rights. Finally, Rodríguez has asserted that Medina and Ortiz obstructed justice by not arresting Ortiz or prosecuting others who were involved in the incident.

After discovery, the defendants moved for summary judgment. Their version of what happened, backed by their own affidavits and affidavits from others, was quite different in crucial respects. They claimed that Rodríguez had driven with his sound truck blaring past the PDP party headquarters and that he had stopped there, dismounted, and got in an altercation with a 15-

year-old boy that ended with Rodríguez striking the boy and breaking his glasses.[2]

Medina's sworn statement said that she had arrived at the scene after a fight had broken up and that Ortiz approached her and asked her to file a complaint against Rodríguez for assaulting the boy. According to Medina, Rodríguez responded by striking the mayor. She says she tried to arrest Rodríguez, but was unable to do so because of the large crowd that then attacked him. Unable to break up the crowd, Medina said that she radioed for assistance and returned to try to protect Rodríguez from the crowd, which finally dispersed as paramedics arrived.

In his own sworn statement, the mayor supported Medina's story (although he didn't observe what she did after he was hit by Rodríguez). Another witness's story roughly corroborated Medina's--although he testified that the first punch was thrown by someone other than the mayor or Rodríguez and that during the fracas Medina "tried in, with her baton, taking . . . the ones who [were] fighting."

In moving for summary judgment on the merits, Ortiz and Medina argued that Medina had been acting reasonably, that Ortiz

_____

[2]The evidence about this fight is rather thin; the boy was the only witness whose sworn statement described the incident. Ortiz only said that he heard others complaining that Rodríguez had assaulted a minor. Medina arrived at the scene after a fight she did not see, but apparently was told it was between one Julio Ortiz and someone else.

had not in any event been a state actor in the encounter, that neither had been acting in concert with the other, and that the criminal charges brought thereafter against Rodríguez were filed by the Puerto Rico Department of Justice and not any of the defendants.  Medina and the mayor quite briefly invoked qualified immunity, saying that neither had foreseen how events would develop.

The district judge denied the motions for summary judgment without explanation and this appeal by Ortiz and Medina followed.  Normally the denial of a motion for summary judgment is not immediately appealable, but a denial of qualified immunity may be appealed to the extent the decision is a "purely legal" one, Dwan v. City of Boston, 329 F.3d 275, 278 (1st Cir. 2003); what cannot be appealed is a district court's denial of qualified immunity based on the court's determination that "the pretrial record sets forth a 'genuine' issue of fact."  Johnson v. Jones, 515 U.S. 304, 320 (1995).

A denial of summary judgment because of a genuine issue of material fact is itself a ruling of law and not a finding of fact; but Johnson makes clear that this class of legal rulings is not immediately appealable even if the district court is mistaken in thinking that there was a genuine issue.  Still, a denial of qualified immunity on such a ground can be appealed immediately on the issue whether the plaintiffs' own version of events together

with uncontested facts entitles the defendant to immunity. See Behrens v. Pelletier, 516 U.S. 299, 313 (1996); Camilo-Robles v. Hoyos, 151 F.3d 1, 8 (1st Cir. 1998), cert. denied, 525 U.S. 1105 (1999).

Although we could remand for clarification of the district court's reasoning if we thought it necessary, Camilo-Robles, 151 F.3d at 8 n.5, the district court almost surely thought (1) that the two sides' stories were in direct conflict on crucial points--which they self-evidently are--and (2) that on Rodríguez' version qualified immunity would not be available. The latter ruling is reviewable now under Johnson. We are constrained to agree with the district court that Rodríguez' allegations preclude qualified immunity at the present time, although only barely so as to Medina.

Starting with Medina, in principle a constitutional claim can be made under the Fourth Amendment against a police officer who uses excessive force during a "seizure." Graham v. Connor, 490 U.S. 386, 395-96 (1989). Even if there is no "seizure" for Fourth Amendment purposes, a constitutional claim of conscience-shocking force can be made out against an officer under substantive due process principles. County of Sacramento v. Lewis, 523 U.S. 833, 843, 846-47 (1998). Assuming that Rodríguez could prove at trial his own sworn version of events, it is barely possible--even though

extremely unlikely--that he could establish a claim against Medina for which qualified immunity would not be available.

The gist of Rodríguez' sworn statement is this: "After [Ortiz] attacked me I . . . threw a punch to defend myself, hitting him on his face; then the police woman attacked me with the baton stabbing at my ribs with the tip . . . ." Rodríguez also describes falling to the ground and the extensive injuries he sustained in the melee that followed. It is this sequence of events that Rodríguez says amounts to deliberate and unjustified use of force by a police officer.

This is a very dubious claim of excessive force; Rodríguez has admitted striking the mayor and, whether or not the mayor struck first, Medina probably would have been acting reasonably (and thus lawfully) if she used her baton to prevent a second blow by Rodríguez or hit him by accident in trying to break up the crowd gathering around him or for any of several other defensible reasons. See Saucier v. Katz, 533 U.S. 194, 204-05 (2001) (force incident to arrest); see also Cummings v. McIntire, 271 F.3d 341, 345 (1st Cir. 2001) (force not incident to arrest). Furthermore, for qualified immunity she would not even need to show that her judgment was correct but only that a reasonable police officer could in the circumstances have reasonably believed that this step was not legally excessive. See Saucier, 533 U.S. at 205.

The difficulty is that Medina has never invoked any set of circumstances to explain why she, or a reasonable officer in her place, would have struck Rodríguez. Without mentioning the alleged baton strike, Medina stated in effect that Rodríguez struck the mayor and "I proceeded to intervene with the man [Rodríguez] to try to put him under arrest . . . ." Nothing is said, for example, about whether she struck him and, if so, why she needed to strike him incident to an arrest or otherwise. There is no indication that Rodríguez was poised to strike another blow or to flee or that the blow was light and accidental. In sum, the materials for a likely qualified immunity defense may be lying at hand, see Saucier, 533 U.S. at 204-05, but the construction work has not been done.

In reaching our conclusions as to Medina, we give no weight at all to Rodríguez' charges that Medina conspired with Ortiz, that Medina directed the mob beating Rodríguez or that Medina wrongfully failed to protect Rodríguez. These conclusory charges in the complaint have been effectively denied by Medina who has furnished a sworn plausible, non-conspiratorial and non-culpable version of her interactions--apart from the alleged baton strike. By contrast, Rodríguez has not offered any supporting evidence or detail to buttress most of his claims. This is not a matter of two conflicting factual claims but of conclusory rhetoric as against sworn, specific statements.

-10-

This brings us to Ortiz. To establish a free-speech violation, Rodríguez would have to show both that the mayor struck Rodríguez in retaliation for the latter's broadcast of political propaganda or for some other reason connected to Rodríguez' political affiliation, see El Dia, Inc. v. Rossello, 165 F.3d 106, 109 (1st Cir. 1999), and also that he did so in his role as mayor rather than in his private capacity, see Yeo v. Town of Lexington, 131 F.3d 241, 248-49, 255 (1st Cir. 1997) (en banc), cert. denied 524 U.S. 904 (1998).[3] It may be surprising that such a claim survived summary judgment, but it is also hard to see what qualified immunity has to do with the matter.

Qualified immunity applies when an official takes an action that a reasonable official could believe to be lawful--even though it turns out not to be, see Dwan v. City of Boston, 329 F.3d 275, 278 (1st Cir. 2003); the easy example is a close-call case of probable cause to arrest, see, e.g., Abreu-Guzman v. Ford, 241 F.3d 69, 73 (1st Cir. 2001). This qualified immunity protection is available in First Amendment cases as well, although less easily invoked. See, e.g., Dirrane v. Brookline Police Dep't, 315 F.3d 65, 70-71 (1st Cir. 2002).

---

[3]Rodríguez also says that the mayor told Medina to strike Rodríguez; but this charge is not repeated in any sworn statement by Rodríguez nor supported in any record evidence submitted by Rodríguez.

Here, if the mayor did without justification strike Rodríguez with a blackjack, as Rodríguez has claimed, no reasonable mayor could believe that this was lawful or entitled him to qualified immunity. Of course, the mayor may not have struck Rodríguez at all; but this is a raw factual dispute. The district court's failure to resolve it in the mayor's favor on summary judgment is unreviewable short of a final judgment, whether it is treated as a merits question or dubitante as pertaining to qualified immunity.

One may well doubt whether, if the mayor did strike Rodríguez, he did so as a state actor. But if he were a state actor, he would not enjoy immunity because, as just indicated, the action would not be even arguably lawful; and if he were not a state actor, immunity would again not be available because the purpose of immunity is to protect persons acting in an official capacity. While the latter conclusion would defeat the federal civil rights claim, the issue is not properly before us.

What Ortiz and Medina have done on this appeal is to raise very serious questions whether the excessive force and mayoral assault claims have any likelihood of success as federal civil rights claims. We trust that the district judge will not let the case linger or ignore any further well-founded effort to sort out this kitchen-sink complaint short of trial. If Rodríguez loses his case, the defendants are free to apply for attorneys' fees.

See Fid. Guarantee Mortgage Corp. v. Reben, 809 F.2d 931, 935-36 (1st Cir. 1987).

We have addressed in this decision only the two most concrete claims made by Rodríguez:  the charge of excessive force against Medina and the free-speech assault claim against Ortiz. Rodríguez has, as already noted, made other numerous but shadowy charges, primarily against Ortiz.  Neither the charges themselves, nor any possible defense based on qualified immunity, are sufficiently distilled by the parties on appeal to warrant any further comment about them.

The judgment on appeal is affirmed as to the claim by appellants that the district court erred on an issue of law concerning qualified immunity.  As to whether the district court made a mistake in believing that factual disputes barred qualified immunity or in denying summary judgment on the merits, we have no authority to entertain an interlocutory appeal on either score. Each side shall bear its own costs on this appeal.

It is so ordered.