# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-30980

United States Court of Appeals
Fifth Circuit

**FILED**

April 17, 2014

Lyle W. Cayce
Clerk

ERIC DRESSNER,

Plaintiff - Appellee

v.

ROBERT J. CROWE, in his official capacity as former Sheriff of Washington Parish; RANDY SEAL, in his official capacity as Sheriff of Washington Parish, also known as Country Seal; TIM EVANS, Individually and in his capacity as Washington Parish Sheriff's Deputy,

Defendants - Appellants

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-81

Before HIGGINBOTHAM, DAVIS, and HAYNES, Circuit Judges.

PER CURIAM:*

Following a confrontation between Plaintiff Eric Dressner ("Dressner") and another man not a party hereto, Deputy Tim Evans ("Evans") arrested Dressner and the other man for aggravated assault. Dressner sued Evans, as well as Robert Crowe and Randy Seal in their official capacities (former and current sheriffs of Washington Parish, respectively, hereinafter referred to as

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30980

"the Sheriff Defendants"), under 42 U.S.C. § 1983 for false arrest. The district court, citing disputed fact questions, denied the Defendants' motions for summary judgment premised on qualified immunity. They seek interlocutory review. We DISMISS.

In limited circumstances, we may consider an interlocutory appeal of a denial of qualified immunity at the summary judgment stage. *See Cruz-Gomez v. Rivera-Hernandez*, 444 F.3d 29, 33–34 (5th Cir. 2006). However, a district court's rejection of the qualified immunity defense cannot be the subject of an interlocutory appeal where the court determines that the application of the defense involves a genuine issue of material fact. *Id.*

Here, there is clearly a genuine issue of fact central to the question of whether Evans is entitled to qualified immunity. According to Evans, Dressner and the other individual simultaneously pointed weapons at one another. According to Dressner, however, he unholstered his gun while standing on his property *in response to* the other party waving a knife at him while advancing towards him. Taking the facts in the light most favorable to Dressner, a jury could conclude that there was no probable cause to arrest him for assault under "the totality of the facts and circumstances within . . . [Evans's] knowledge at the moment of arrest." *See Lockett v. New Orleans City*, 607 F.3d 992, 998 (5th Cir. 2010) (emphasis removed). The differences in fact affect the outcome such that we lack jurisdiction over Evans's appeal. *Cruz-Gomez*, 444 F.3d at 33–34.

As to the Sherriff Defendants, the district court did not expressly address their separate "municipal liability" contention. Even though Dressner did not oppose the motion to dismiss those parties, and did not brief the issue on appeal, we do not have jurisdiction to interlocutorily review a summary judgment denial of qualified immunity with respect to officers sued in their official capacity. *See Roberts v. City of Shreveport*, 397 F.3d 287, 291 (5th Cir.

2

No. 13-30980

2005).  The Sheriff Defendants are free to bring this issue to the district court's attention on remand.

DISMISSED and REMANDED.